NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAIS YAAKOV OF SPRING VALLEY,

    Plaintiff,

    v.

PETERSON'S NELNET, LLC

    Defendant.

Civ. No. 11-0011

**OPINION & ORDER**

THOMPSON, U.S.D.J.

## I.  INTRODUCTION

This matter has come before the Court upon Defendant Peterson's Nelnet LLC's Motion to Dismiss [8]. Plaintiff Bais Yaakov of Spring Valley opposes the motion [10]. The Court has decided the motions upon the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is denied.

## II.  BACKGROUND

This case is a putative class action arising out of faxes that the Defendant sent to Plaintiff and others similarly situated, allegedly in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant is a limited liability company located in Lawrenceville, NJ, that offers test preparation and college and career planning services to high school students. (*See* First Am. Compl. Ex. A) [3-1]. Plaintiff is a religious corporation located in Monsey, NY. (*Id.* at ¶ 6.) Plaintiff seeks to represent two classes of individuals: (A) persons to whom Defendant sent unsolicited faxes without proper opt-out notices; and (B) persons to whom Defendant sent solicited faxes without proper opt-out notices. (*Id.* at ¶ 32.)

Plaintiff's First Amended Complaint [3] alleges federal question jurisdiction based on the TCPA, 47 U.S.C. § 227, (*id.* at ¶ 2.), as well as diversity jurisdiction based on the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d).  Defendant argues that neither of these jurisdictional bases supports this Court's jurisdiction over the action.  Specifically, Defendant argues that the Third Circuit has held that there is no federal question jurisdiction over TCPA claims.  (Br. in Supp. 4–7) [8].  As to diversity jurisdiction, Defendant asserts that, under a choice-of-law analysis, New York law applies to bar class actions for statutory penalty claims. (*Id.* at 7–30.)

### III.   ANALYSIS

The Telephone Consumer Protection Act ("TCPA"), passed as an amendment to the Communications Act of 1934, prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless certain statutory exceptions apply.  47 U.S.C. § 227(b)(1).  The TCPA gives private parties standing to enforce this prohibition: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State [an action for an injunction or monetary damages]."  *Id.* § 227(b)(3).

There are two traditional bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction.  *Landsman & Funk P.C. v. Skinder-Strauss Assocs.*, 2011 WL 1226371, at *5 (3d Cir. 2011).  Federal question jurisdiction applies to those civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).  Federal diversity jurisdiction applies where the parties satisfy diversity of citizenship and the amount in

controversy meets the statutory minimum specified in 28 U.S.C. § 1332.  *See, e.g.*, *McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 219 (3d Cir. 2010).  Courts typically apply the "complete-diversity rule, which requires that no plaintiff be a citizen of the same state as any defendant . . . ."  *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1) and *Strawbridge v. Curtiss*, 7 U.S. (1 Cranch) 267, 267 (1806)).  However, under the Class Action Fairness Act ("CAFA") of 2005, diversity is satisfied for class actions as long as "any class member and any defendant are citizens of different states."  *Id.* (citing 28 U.S.C. § 1332(d)(2)).  Additionally, CAFA diverges from the usual amount in controversy requirement of $75,000, *see* 28 U.S.C. § 1332(a), by instead requiring an aggregate amount in controversy of "$5,000,000, exclusive of interests and costs[.]"  28 U.S.C. § 1332(d)(2), (6).

The Third Circuit has previously held that federal district courts do not have federal question jurisdiction over TCPA claims.  *See ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 519 (3d Cir. 1998).  However, the Third Circuit has since stated, in *Landsman & Funk P.C. v. Skinder-Straus Associates*, that "Congress did not divest the federal courts of *diversity jurisdiction* over private causes of action under the TCPA."  2011 WL 1226371, at *4 (3d Cir. Apr. 4, 2011) (emphasis added).  The Court went on to hold that, because the TCPA is a federal cause of action, there is no need to engage in a "choice-of-law analysis under *Erie* [*R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)]."  *Id.* at *14.  Rather, "federal law regarding class actions would be applied in federal courts, not state law."  *Id*. (citing *Shady Grove Orthopedic Ass'n, P.A. v. Allstate Insurance Co.*, --- U.S. ----, 130 S. Ct. 1431 (2010)).  Accordingly, a TCPA class action may proceed "as long as [Fed. R. Civ. P.] 23's prerequisites are met."  *Id.*  However, the Court stated that "whether the class could potentially fit within Rule 23" should not have been decided on a motion to dismiss, when "there had been no motion for class certification and no

discovery." *Id.* at *15.

Here, Plaintiff's First Amended Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332(d) on the grounds that "the matter in controversy concerning the TCPA exceeds the sum or value of $5,000,000, exclusive of interests and costs, involves thousands of class members and is a class action in which at least one member of the class, i.e., Plaintiff, is a citizen of a state different from Defendant." (First Am. Compl. ¶ 3) [3]. Plaintiff has sufficiently alleged diversity of citizenship by stating that Plaintiff's principal place of business is in New York and Defendant's principal place of business is in New Jersey. (*Id.* at ¶ 6–7.) Additionally, Plaintiff's allegation that Defendant has "sent well over ten-thousand (10,000) unsolicited and/or solicited fax advertisements," (*id.* at ¶ 18), would be sufficient to meet the $5,000,000 threshold for diversity jurisdiction, given that the TCPA provides for penalties of $500 per violation, *see* 47 U.S.C. § 227(b)(3)(B). Based on the Third Circuit's *Landsman* decision, diversity jurisdiction under § 1332(d) provides a sufficient basis for this Court to exercise jurisdiction over this matter. Accordingly, Plaintiff's class action may proceed assuming Rule 23's requirements are met. However, it would be premature for this Court to decide the class certification issue on a motion to dismiss, prior to any discovery. Thus, we must deny Defendant's motion to dismiss for lack of subject-matter jurisdiction.

-5-

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 15th day of April, 2011,

ORDERED that Defendant's Motion to Dismiss [8] is hereby DENIED.

                                                                                           */s/ Anne E. Thompson*_____
                                                                                           ANNE E. THOMPSON, U.S.D.J.

Case 3:11-cv-00011-TJB   Document 13   Filed 04/15/11   Page 5 of 5 PageID: 246