NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAIS YAAKOV OF SPRING VALLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>PETERSON'S NELNET, LLC<br><br>    Defendant. | Civ. No. 11-0011<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## I.   INTRODUCTION

This matter has come before the Court upon the Motion for Reconsideration [docket # 14] and the Motion to Stay [20] filed by Defendant Peterson's Nelnet, LLC.  Plaintiff opposes the motions.  The Court has decided the motions upon the submissions of both parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b).  For the reasons stated below, the motion to stay is granted and the motion for reconsideration is denied.

## II.   BACKGROUND

Plaintiff brings a putative class action alleging that faxes Defendant sent to Plaintiff and others similarly situated failed to include proper opt-out notices, as required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  (*See generally* Am. Compl.) [4].  Defendant moved to dismiss the Amended Complaint for lack of subject matter jurisdiction on the grounds that (1) the Third Circuit has held that federal courts lack federal question jurisdiction over TCPA claims, *see ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 519 (3d Cir.

-1-

1998), and (2) under a choice-of law analysis, the Court must apply New York state law, which bars class actions for statutory penalty claims [8].  After briefing on the motion to dismiss concluded, the Third Circuit ruled in a similar case that although federal courts lack federal question jurisdiction over TCPA claims, they nonetheless have diversity jurisdiction, *Landsman & Funk P.C. v. Skinder-Strauss Assocs.*, 640 F.3d 72, 78 (3d Cir. 2011).  (*See* Apr. 15, 2011 Op. & Order 3.)  In light of the Third Circuit's ruling, this Court denied Defendant's motion based on the presence of diversity jurisdiction, further concluding that no choice-of-law analysis was required because the TCPA is a federal cause of action subject only to Fed. R. Civ. P. 23's requirements.  (*Id.*); *see also Landsman*, 640 F.3d at 90–92.

After we denied Defendant's motion to dismiss, the Third Circuit decided to hold an en banc rehearing of the *Landsman* case and accordingly vacated the *Landsman* panel's decision.  *See Landsman & Funk P.C. v. Skinder-Strauss Assocs.*, Civ. Nos. 09-3105 / 09-3532 / 09-3793, 2011 WL 1879624, at *1 (3d Cir. May 17, 2011.)  The Supreme Court subsequently granted certiorari in a related case regarding the issue of whether federal courts have federal question jurisdiction over TCPA claims.  *See Mims v. Arrow Financial Services, LLC*, Civ. No. 10-1195, 2011 WL 1212225 (U.S. June 27, 2011).  The Third Circuit has since postponed its en banc rehearing until after the Supreme Court renders a decision in *Mims*.  (*See* June 30, 2011 Letter from Aytan Y. Bellin, Ex. A) [25-1]; (July 6, 2011 Letter from Aytan Y. Bellin, Ex. A) [27-1].

Defendant filed a Motion for Reconsideration [14] on April 29, 2011, prior to the Third Circuit's decision to hold an en banc rehearing in *Landsman*.  In light of the Third Circuit's scheduling of the en banc rehearing, Defendant filed a Motion to Stay [20] on May 31, 2011.

III. MOTION TO STAY

A district court has "broad power to stay proceedings." *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). "[I]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id.* Accordingly, other judges in this district have stayed cases where the dispositive issues were pending before higher courts. *See, e.g.*, *Takacs v. Middlesex Cnty.*, No. 08-0694, 2011 WL 1375682, at *3 (D.N.J. Apr. 12, 2011); *McDonald v. Novartis Pharms., Corp.*, No. 07-0655, 2007 WL 4191750, at *1 (D.N.J. Nov. 20, 2007). Courts assessing the suitability of a stay consider "whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the length of the [] stay." *McDonald*, 2007 WL 4191750, at *1 (citation and quotation marks omitted). We find that these factors support a stay in this case.

As to the first factor, a stay will simplify the issues because, if the Third Circuit en banc panel in *Landsman* concludes that a choice-of-law analysis is appropriate and affirms the district judge's ruling that New York law bars TCPA class actions, this case would be dismissed. Accordingly, proceeding with the case despite the possibility of dismissal would be a waste of judicial resources.

Second, a stay carries little risk that either party's interest will be seriously harmed pending the Third Circuit's decision. Plaintiff asserts that it will be severely prejudiced through the loss or destruction of evidence, given that third-party telephone records are only maintained for 18 months. (Mem. in Opp'n 3); *see* 47 C.F.R. § 42.6. However, the faxes that are the subject of the Complaint were received between March 10, 2008 and September 10, 2009, (*see* Am. Compl. ¶ 9); (Am. Compl. Ex. A), which means that the relevant records likely have been

destroyed already.  Therefore, we do not perceive any significant future harm to the Plaintiff in staying the case.

Finally, as to the length of the stay, the Third Circuit has postponed the *Landsman* en banc rehearing pending the outcome in *Mims*.  The Supreme Court's decision in *Mim* may come sometime in the 2011-2011 court year.  The *Landsman* en banc rehearing would likely take place shortly thereafter.  Although this is a substantial period of time, the Court does not find it excessive considering the likelihood that the Third Circuit's decision will resolve the dispositive jurisdictional issues presently in dispute.

## IV. MOTION FOR RECONSIDERATION

A motion for reconsideration may be brought on three grounds: (1) an intervening change in controlling law, (2) evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

Having concluded that a stay is appropriate, we need not address the motion for reconsideration at any length.  While it is true that there has been an intervening change in controlling law since this Court's denial of the motion to dismiss, further changes in controlling law are currently anticipated.  It would be unwise for the Court to disturb the previous ruling, given that the Third Circuit will soon resolve the precise issue that Defendant requests this Court to reconsider.

## V.  CONCLUSION

For the reasons stated above, and for good cause shown, the Court will grant Defendant's motion to stay and deny Defendant's motion for reconsideration.  An appropriate order will follow.

_/s/ Anne E. Thompson_____
ANNE E. THOMPSON, U.S.D.J.

Dated _____September 9, 2011_____