NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BAIS YAAKOV OF SPRING VALLEY,

    Plaintiff,

v.

PETERSON'S NELNET, LLC

    Defendant.

Civ. No. 11-00011

**OPINION**

THOMPSON, U.S.D.J.

### INTRODUCTION

    This matter has come before the Court upon the Motion to Dismiss with Prejudice pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendant Peterson's Nelnet, LLC. [docket # 51]. Plaintiff Bais Yaakov of Spring Valley opposes the motion. [54]. The Court has decided the motion upon the written submissions of the parties and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion is denied.

### BACKGROUND

    This case is a putative class action arising out of faxes that Peterson's Nelnet, LLC ("Defendant") sent to Bais Yaakov of Spring Valley ("Plaintiff") and others similarly situated, allegedly in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Section 227(b)(3) of the TCPA provides for both injunctive and monetary relief. Defendant is a limited liability company located in Lawrenceville, NJ, that offers test preparation and college

and career planning services to high school students.  [*See* 3 at ¶ 1].  Plaintiff is a religious corporation located in Monsey, NY.  [*Id.* at ¶ 6].

Plaintiff alleges at least six specific instances between March 10, 2008 and September 10, 2009 when Defendant sent unsolicited fax advertisements to Plaintiff, and alleges various other unspecified instances thereafter.  [*Id.* at ¶ 9].  Plaintiff further alleges that these faxes did not contain proper opt-out notices as required by 47 U.S.C. §227(b)(2)(D).  [*Id.* at ¶ 13-14].  Plaintiff seeks to represent two classes of individuals: (A) persons to whom Defendant sent unsolicited faxes without proper opt-out notices; and (B) persons to whom Defendant sent solicited faxes without proper opt-out notices.  [*Id.* at ¶ 32].  Defendant has moved to dismiss Plaintiff's First Amended Complaint, or in the alternative, to dismiss the class action portion of the complaint based on the argument that the unique language of TCPA § 227(b)(3) requires, in this instance, compliance with a New York state law, New York Civil Practice Law § 901(b)(McKinney 2012), prohibiting class action in these circumstances.  [51-1].  Plaintiff opposes, arguing that Federal Rule of Civil Procedure 23 should govern whether or not the suit can proceed as a class action.  [54].

An uncertain legal landscape has delayed the forward motion of this case, and the Court will attempt to briefly summarize the relevant procedural history.  Defendant initially moved to dismiss the Amended Complaint for failure to state a claim and for lack of subject matter jurisdiction on two grounds.  [8].  Defendant first asserted that Third Circuit precedent precluded federal question jurisdiction over TCPA claims under *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 519 (3d Cir. 1998).  [*Id.* at I.].  As for diversity jurisdiction, Defendant argued that given § 227(b)(3)'s apparent reliance on state law, the Court should apply New York's § 901(b) barring class actions for statutory penalty claims under a choice-of-law analysis.  [*Id.* at II.A.].

Application of § 901(b) to 227(b)(30, which does provide plaintiff with the option to pursue a statutory penalty, would result in both a failure to state a claim and a failure to plead diversity jurisdiction, as disaggregating the class claims would reduce the amount in controversy below the minimum requirement for diversity. [*Id.*].

After briefing on the motion to dismiss concluded, the Third Circuit ruled in a similar case involving a putative class action that federal courts *did* have diversity jurisdiction over TCPA claims. *Landsman & Funk P.C. v. Skinder-Strauss Assocs.*, 640 F.3d 72, 78 (3d Cir. 2011). The court in Part F of the opinion reasoned that since the TCPA is federal law, there is no need to engage in a choice-of-law analysis under *Erie* when determining what rule to apply. *Id.* at 91. Moreover, as long as its prerequisites were met, Rule 23 applied in federal court under *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431 (2010). *Landsman*, 640 F.3d at 91. In light of the Third Circuit's ruling, this Court found diversity jurisdiction and denied Defendant's motion to dismiss. [13].

In response to the denial, Defendant filed a Motion for Reconsideration on April 29, 2011. [14]. Again, action external to these proceedings intervened. While this Court reviewed the Motion for Reconsideration, the Third Circuit decided to hold an *en banc* rehearing of the *Landsman* case, and vacated the previous circuit opinion. *See Landsman & Funk P.C. v. Skinder-Strauss Assocs.*, Nos. 09-3105 / 09-3532 / 09-3793, 2011 WL 1879624, at *1 (3d Cir. May 17, 2011). In light of this Court's previous reliance on the now-vacated *Landsman*, Defendant filed a Motion to Stay. [20]. Anticipating further changes in the law, this Court granted the Motion to Stay and denied the Motion for Reconsideration. [30].

The Third Circuit's *en banc* rehearing of *Landsman* was subsequently stayed, pending the Supreme Court's ruling in *Mims v. Arrow Financial Services, LLC* on the issue of whether state

courts are the "*exclusive* arbiters" of private causes of action under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012). The Supreme Court found that states were *not* the exclusive arbiters of TCPA claims, and that federal and state courts exercise concurrent jurisdiction. *Id.* at 745. Said the *Mims* Court: "Beyond doubt, the TCPA is a federal law that both creates the claim Mims has brought and supplies the substantive rules that will govern the case." *Id.* at 744-45.

After *Mims*, the Third Circuit vacated the order granting a rehearing *en banc* of *Landsman*, and reinstated its previous 2011 opinion "to the extent it is consistent with *Mims*." *Landsman & Funk PC v. Skinder-Strauss Associates*, No. 09-3105, 2012 WL 2052685, *1 (3d Cir. Apr. 17, 2012). The Third Circuit clarified that it was not reinstating Part F, the portion of the opinion which had previously applied Rule 23 instead of engaging in a choice-of-law determination in light of *Shady Grove*. *Id.*

The Third Circuit then remanded to the District Court the question of whether or not § 227(b)(3) "subjects such actions to state-law limitations that would apply to similar suits filed in state court, and if so which ones." *Id.* The Third Circuit instructed the District Court to consider in its analysis the recent Supreme Court decisions of *Shady Grove* and *Mims*. *Id.* Defendant has now brought the issue before the Court for consideration in its 12(c) Motion to Dismiss. [51].

STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, a court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). The standard governing a Rule 12(c) motion is the same standard governing motions to dismiss under Rule 12(b)(6). *Allah v. Hayman*, No. 11-2460,

2011 U.S. App. LEXIS 17860, *8 (3d Cir. Aug. 25, 2011); *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004). Therefore, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, the court must determine whether, on these facts, a party is entitled to judgment as a matter of law. *Sikirica*, 416 F.3d at 220.

## ANALYSIS

An amendment to the Communications Act of 1934, the Telephone Consumer Protection Act ("TCPA"), prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless certain statutory exceptions apply. 47 U.S.C. § 227(b)(1). An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C § 227(a)(4). The TCPA gives private parties standing to enforce this prohibition: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State [an action for an injunction or monetary damages]." 47 U.S.C § 227(b)(3).

In its brief supporting its Motion to Dismiss, Defendant contends that New York Civil Practice Law § 901(b) prevents the maintenance of Plaintiff's TCPA claim as a class action. [51-1]. In reaching this conclusion, Defendant argues that the language of § 227(b)(3) – "A

person or entity may, if otherwise permitted by the laws or rules of court of a state" – requires the application of state law. [51-1]. A choice-of-law analysis in this case, says Defendant, would dictate application of New York law. New York Civil Practice Law § 901(b) provides in relevant part that "Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." New York Civil Practice Law § 901(b) (McKinney 2012). Since Plaintiff's class action seeks relief under a penalty-imposing statute that does not explicitly authorize class action recovery, Defendant argues Plaintiff cannot proceed. [51-1].

Plaintiff, in response, insists that the plain language of § 227(b)(3) does *not* require application of state law, and that the recent decisions in *Mims* and *Shady Grove* dictate that Rule 23 alone governs whether this claim may be brought as a class action, making the application of New York law irrelevant. [54]. The Court agrees. In keeping with the Third Circuit's instruction, this Court will consider the disputed issue in view of the Supreme Court's decisions in *Shady Grove* and *Mims*. *Landsman*, 2012 WL 2052685 at *1.

It is undisputed that Rule 23 of the Federal Rules of Civil Procedure normally governs whether a suit in federal district court may proceed as a class action. Fed. Rs. Civ. P. 1, 23; *see also Califano v. Yamasaki*, 442 U.S. 682, 700 (1979) ("In the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court"). In *Shady Grove*, the Supreme Court held that Rule 23 generally applies even where a federal court is sitting in diversity on a state law claim. *See Shady Grove*, 130 S.Ct. at

1438, 1442.[1]  In reaching this conclusion, a majority of the justices agreed that if Rule 23 answers the question in dispute, and is not *ultra vires*, then the rule controls.  *Id.* at 1437.

Plaintiff reasons that if Rule 23 applies to a state law claim in federal court under *Shady Grove*, then "*a fortiori*, when a case involves federal law and is in federal court, the certifiability of the case as a class action must be determined using Rule 23" unless there is an explicit or implied repeal of Rule 23 or the Rules Enabling act.  [54 at I.B].  Under this reading, neither type of repeal, argues Plaintiff, can be found in the present instance.  [*Id.*].  As for an explicit repeal, Plaintiff contends that the language of § 227(b)(3) is vague in comparison with the language of the example considered by the Court in *Shady Grove*.  *See Shady Grove*, 130 S.Ct. at 1438 (*referencing* 8 U.S.C § 1252, which states that "[no court may] certify a class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial review is authorized under a subsequent paragraph of this subsection.").  Moreover, argues Plaintiff, reading an implied repeal here would go against Third Circuit precedent disfavoring such repeal save in instances of irreconcilable conflict or where a latter statute intentionally occupies the entire field of the earlier.  [54 at I.B., citing *Hagan v. Rogers*, 570 F.3d 146, 154-55 (3rd Cir. 2009)].  Based upon the Supreme Court's treatment of § 227(b)(3) in *Mims*, discussed below, Plaintiff argues that

---

[1] In *Shady Grove*, Shady Grove Orthopedics Associates filed a class action in federal court against Allstate based on a New York state law claim.  *Shady Grove*, 130 S.Ct. at 1436-37. Allstate moved to dismiss, arguing that New York civil procedure prohibited class actions for statutory penalty claims where the statute failed to specifically authorize class action recovery. *Id.*  On review, a majority of the Supreme Court found that Rule 23 applied to the question at hand.  *Id*  In reaching this conclusion, the majority determined that if Rule 23 answers the question in dispute, it controls unless it exceeds its statutory authorization or Congress' rulemaking power.  *Id.* at 1437.  The majority found that Rule 23 did answer the disputed question of whether the suit could proceed as a class action, but split on the reasoning for why the rule itself was valid.  *Id.* (*see* Stevens, J. concurring).  Thus, § 901(b) was preempted as at odds with Rule 23.  *Id.*

there is no irreconcilable conflict or field preemption that would justify an implied repeal. [54 at I.B.]. Since there has been no express or implied repeal of Rule 23 or the Rules Enabling Act, and the case at issue involves a federal law in federal court, Plaintiff contends Rule 23 should apply. [*Id.*].

Defendant, however, does read a congressional exception to Rule 23 into § 227(b)(3), and differentiates this case from that of *Shady Grove*. [51-1, II.A.]. While the plaintiff in *Shady Grove* brought forward an action based on New York state law, here, Plaintiff is attempting to bring forth a private cause of action based on a federal law in which, Defendant argues, Congress expressly provides that any suit brought thereunder should be governed by state law. [*Id.*]. Defendant proffers various examples of statutes where Congress has made similar provision. [51-1 (citing 24 U.S.C. § 1395dd; 24 U.S.C § 1395dd(d)(2)(b)]. Defendant pays particular attention to the Federal Tort Claims Act, 28 U.S.C. 1346(b), which "provides that district courts shall have exclusive jurisdiction over claims against the United States for tort claims 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" [*Id.*]. In *Richards v. United States*, the Supreme Court held that the phrase "law of the place" in § 1346(b) referred to the "whole law of the State where the act or omission occurred." 369 US 1, 10-12 (1962). The Third Circuit later commented that "whole law" did not make a distinction between procedure and substance. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 179-80, n. 10 (3d Cir. 2000). Thus, even if Rule 23 would normally preempt § 901(b) in its procedural ambit, says Defendant, § 901(b) takes precedence in this instance as part of the substantive law of the statute. [51-1 at II.A.].

At least some courts have been persuaded by Defendant's argument, notably, the Second Circuit in *Holster v. Gatco*, 618 F.3d 214 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 2151 (U.S. 2011). In *Holster*, a plaintiff sued a defendant in federal court in a putative class action alleging violations of the TCPA. *Id.* at 216. As here, the defendant argued that such a class action could not be maintained in New York under the terms of § 901(b). *Id.* Siding with the defendant, the Second Circuit interpreted the language of § 227(b)(3) "as a delegation by Congress to the states of considerable power to determine which causes of action lie under the TCPA," *Holster*, 618 F.3d at 217, and as "'an express limitation on the TCPA which federal courts are required to respect,'" *id.* at 216, 218 (quoting *Bonime v. Avaya, Inc.*, 547 F.3d 497, 502 (2d Cir. 2008)). Thus, the court held, the New York district court lacked jurisdiction over class action suits for statutory damages under the TCPA because of § 901(b). *See id.* at 218.

Significantly, the *Holster* court relied on the legislative history of the TCPA in reaching its conclusion. *Id.* at 217. The congressional findings, the court said, indicated "that a key issue the statute aimed to resolve was the inability of state laws to deal with the problem's interstate nature," *id.*, the inference following that Congress intended for state substantive and procedural rules to apply. On appeal, the Supreme Court declined to grant certiorari to further consider the issue.[2] *Holster v. Gatco*, 131 S.Ct. 2151 (2011). To further strengthen its argument, Defendant emphasizes that the Third Circuit vacated the portion of the *Landsman* decision that conflicted with *Holster*, thus leaving *Holster* as "the only Court of Appeals to address, post-*Shady Grove*, the issue now before this Court on remand." [51-1 at II.A.].

---

[2] The Supreme Court had previously remanded *Holster* for further consideration in light of *Shady Grove* after the District Court found that "state substantive law applies to TCPA claims brought in federal courts sitting in diversity" under *Erie*, and that § 901(b) was a substantive state law. *See Holster v. Gatco, Inc.*, 485 F. Supp. 2d 179, 186 (E.D.N.Y. 2007).

If *Shady* Grove remained the only authority on this case, Defendant might have a winning position. But the recent decision in *Mims* has changed the landscape. *See, e.g.*, *Landsman,* 2012 WL 2052685 at *1 (remanding question of whether TCPA required application of state law in light of *Shady Grove* and *Mims*); *Giovanniello v. Alm Media, LLC.*, No. 11-1411, 2012 WL 1884741, *1 (U.S. Oct. 1, 2012) (vacating judgment that TCPA required application of state statute of limitations and remanding for further consideration in light of *Mims)*; *Hawk Valley, Inc., v. Taylor*, No. 10-CV-00804, 2012 WL 1079965, *10 (E.D. Pa. Mar. 30, 2012) (finding *Mims* an additional support for rejecting argument that state statute of limitations applied to TCPA claim); *American Copper & Brass, Inc. v. Lake City Indus. Prods.*, No. 1:09-CV-1162, 2012 WL 3027953, *2 (W.D. Mich. July 24, 2012) (finding *Shady Grove* and *Mims* controlled when determining that a Michigan law barring class actions did not apply to TCPA claim); *Jackson's Five Star Catering v. Beason*, No. 10-10010, 2012 WL 3205526, *4 (E.D. Mich. July 26, 2012) (using *Mims* holding as basis for finding Michigan state law prohibiting class actions did not apply to TCPA claim); *Bank v. Spark Energy Holdings, LLC*, No. 4:11-CV-4082, 2012 WL 4097749, *2-3 (S.D. Tex. Sept 13, 2012) (basing decision to deny application of § 901(b) to TCPA claim on *Mims*); *Bailey v. Domino's Pizza, LLC.*, No. 11-4, 2012 WL 1150882, *3 (E.D. La. Apr. 5, 2012) (stating that "*Mims* has changed the landscape of TCPA claims such that federal rather than state prescriptive law applies to TCPA claims filed in federal court").

While the issue in *Mims* is not identical to the one before the Court today, it both undermines the previous reasoning in the *Holster* decision and sheds light on what explicit or implied repeal of rule 23, if any, may be read into the language of § 227(b)(3). In *Mims*, the Supreme Court ruled on the issue of whether or not § 227(b)(3)'s language that "a person or entity may, if otherwise permitted by the laws and rules of a court of a state" indicated a desire

on the part of Congress to create a private right of action enforced exclusively in state courts. 132 S.Ct. at 744.  The Supreme Court unanimously rejected that argument, holding that federal and state courts have concurrent jurisdiction.  *Id.* at 745.

In support of its finding of federal jurisdiction, the Court discussed and rejected the argument that Congress intended for the TCPA "only to fill a gap in the States' [interstate] enforcement capabilities," *see id.* at 751, an assumption on which the *Holster* decision significantly relied, *see Holster*, 618 F.3d at 217.  Instead, noted the Court, Congress "enacted detailed, uniform, federal substantive prescriptions and provided for a regulatory regime administered by a federal agency." *Mims*, 132 S.Ct. at 751.  In contrast to the *Holster* Court's interpretation of legislative history favoring state control of statutory enforcement, the Supreme Court declared that: "Congress' design would be less well served if consumers had to rely on 'the laws or rules of court of a State,' or the accident of diversity jurisdiction, to gain redress for TCPA violations." *Id.*  The Court concluded, "federal law gives rise to the claim for relief . . . and specifies the substantive rules of decision." *Id.* at 753.  Based upon the Supreme Court's interpretation, there is little in the text of § 227(b)(3) that outweighs the primacy of federal courts enforcing federal law, or the desire for uniform enforcement.  Thus, the reasoning in *Holster* prioritizing state interests in interpreting the law seems now greatly undermined in the face of the Supreme Court's consumer-oriented approach.

*Mims* also sheds light on whether or not to read a congressional exception to Rule 23 into the "may, if otherwise" language, in keeping with the *Shady Grove* analysis, by essentially removing the need for such an inquiry entirely.  The *Mims* Court opined that Congress likely meant § 227(b)(3) to serve as a permissive grant to states to enforce the statute.  On this reading, there is no direct conflict between Rule 23 and state law such as to imply a congressional

limitation on Rule 23, because the section at issue applies to a suit brought in state court, not federal.  As in other instances where the Supreme Court enforces a federal statutory cause of action, federal law – substantive and procedural – applies.

In light of *Mims*, a case bolstering the previous *Shady Grove* opinion favoring application of Rule 23 in federal court unless specifically barred by Congress, this Court does not believe it appropriate to interpret the text of § 227(b)(3) as requiring a federal court to follow state law.  A growing number of lower courts have also decided likewise.  *See, e.g.*, *Hawk Valley, Inc., v. Taylor*, No. 10-CV-00804, 2012 WL 1079965, *10 (E.D. Pa. Mar. 30, 2012); *American Copper & Brass, Inc. v. Lake City Indust. Prods.*, No. 1:09-CV-1162, 2012 WL 3027953, *2 (W.D. Mich. July 24, 2012); *Jackson's Five Star Catering v. Beason*, No. 10-10010, 2012 WL 3205526, *4 (E.D. Mich. July 26, 2012); *Bank v. Spark Energy Holdings, LLC*, No. 4:11-CV-4082, 2012 WL 4097749, *2-3 (S.D. Tex. Sept 13, 2012); *Bailey v. Domino's Pizza, LLC.*, No. 11-4, 2012 WL 1150882, *3 (E.D. La. Apr. 5, 2012).

In reaching this conclusion, the Court does not consider the Third Circuit's act of vacating the portion of the *Landsman* decision finding that state law does not apply conclusive as to the issue of whether or not to apply state law.  On the contrary, the Third Circuit specifically left the issue *undecided* for the District Court to consider in light of *Mims* and *Shady Grove*.  Finding the language of § 227(b)(3) *not* to require the application of state law under current precedent, and indeed, finding persuasive evidence against such application, the Court must deny Defendant's Motion to Dismiss under 12(c), as Defendant has failed to show that no material issue of fact remains, or that there are sufficient grounds to award judgment as a matter of law.

-13-

## CONCLUSION

For the aforementioned reasons, the Court will deny Defendant's Motion to Dismiss with Prejudice pursuant to Federal Rule of Civil Procedure 12(c).  An appropriate form of Order accompanies this Memorandum Opinion.

Dated: October 17, 2012

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.