RECEIVED
JUL 18 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BAIS YAAKOV OF SPRING VALLEY,** on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>**PETERSON'S NELNET, LLC,**<br><br>Defendant. | Civil Action No. 3:11 CV 11 (TJB)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING AND DIRECTING DISSEMINATION OF NOTICE TO CLASS MEMBERS, APPOINTING CLAIMS ADMINISTRATOR, AND SCHEDULING A FINAL APPROVAL HEARING** |

WHEREAS, a putative Class Action Complaint was filed by Plaintiff Bais Yaakov of Spring Valley, captioned *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Civil Action No. 3:11-CV-11 (TJB), in the United States District Court for the District of New Jersey;

WHEREAS, the Parties have entered into a Settlement Agreement dated June 11, 2014, in which the parties have agreed upon a settlement of the litigation, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, would result in dismissal of the action with prejudice;

NOW, THEREFORE, the Court, having reviewed and considered the Settlement Agreement and accompanying documents, as well as the unopposed Motion for Preliminary Approval of the Class Action Settlement and supporting papers; and the matter having come before the Court for a Preliminary Approval Hearing on July 17, 2014; and the Parties having consented to the entry of this Order; and good cause shown;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows (all capitalized terms being defined in the Settlement Agreement unless otherwise defined herein):

1

1. This Court has subject matter jurisdiction over this Class Action lawsuit, the settling Parties, and all proposed Class Members.

2. The Court preliminarily finds that the Settlement Agreement was the product of serious, informed, non-collusive negotiations conducted at arms' length by the Parties. In making this preliminary finding, the Court considered the nature of the claims, the amounts and kinds of benefits paid in the Settlement, the allocation of Settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.

3. Subject to further consideration by the Court, the Court preliminary approves the Settlement as fair, reasonable, and adequate to the Class, and is sufficient to warrant sending notice to the Settlement Class.

4. The Court, therefore, preliminarily certifies this Class Action for settlement purposes only pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(c)(2). The Class consists of anyone who, from January 3, 2007 through January 3, 2011, was sent or caused to be sent one or more facsimile advertisements by Peterson's Nelnet, its employees, agents, vendors or contractors. Notwithstanding the foregoing, the Class shall not include any persons or entities who make a valid and timely election to be excluded from the proposed Class.

5. The law firm of Bellin & Associates LLC is hereby appointed counsel for the proposed Class, *i.e.*, "Class Counsel."

6. Bais Yaakov of Spring Valley is hereby appointed as representative of the conditionally certified class, *i.e.*, "Class Representative."

7. Pursuant to the Parties' agreement, as well as this Court's independent determination, The Garden City Group, Inc. is hereby appointed as Claims Administrator to

administer the Settlement in good faith in accordance with the Settlement Agreement and related Court Orders.

8. Within ten (10) days following the entry of this Order, Defendant shall file with the Court proof that the Claims Administrator has disseminated notice to all necessary recipients in compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

The Class Notice methodology described in paragraph 4 of the Settlement Agreement is hereby approved as it (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of their right to object or exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23(c) and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

9. Within thirty (30) days from the entry of this Order, that being _Aug 18_, 2014, the Claims Administrator shall provide Notice of the Settlement to the Class Members, substantially in the form of Exhibit 1 to the Settlement Agreement, in accordance with paragraph 4 of the Settlement Agreement.

10. Within thirty (30) days from the entry of this Order, that date being _Aug 18_, 2014, Notice of the Settlement shall be published on a website to be created, maintained, and established by the Claims Administrator. Class Members will be able to download from the website and print copies of the Settlement Agreement, Long-Form Notice (attached as Exhibit 2 to the Settlement Agreement), and the Claim Form (attached as Exhibit 3 to the Settlement

Agreement). The website will also include the name, telephone number, and address of the Claims Administrator.

11. Class Members wishing to submit a claim must submit a Valid Claim Form and Credible Evidence by First Class mail to the Claims Administrator, postmarked by the deadline set forth on the Short-Form Notice, which shall be 45 days after the date of issuance of the Short-Form Notice, pursuant to paragraph 6(b)(ii) of the Settlement Agreement.

12. Any member of the Settlement Class may elect to be excluded from this Agreement by sending a letter to the Claims Administrator, postmarked within 45 days after the date on the Short-Form Notice, indicating that the member of the Settlement Class opts out of the Agreement.

13. Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement Agreement.

14. Any Settlement Class Member who does not timely submit a Proper Opt-Out Request by the deadline set forth above or otherwise comply with the agreed upon Opt-Out procedure, shall be bound by all proceedings, orders, and judgments in this Action, even if such Class Members previously has initiated or subsequently initiates individual litigation against Defendant or other proceedings encompassed by the Release.

15. Each Class Member who wishes to object to the Settlement, the award of attorney's fees and expenses, or to the incentive award to the Class Representative shall file a letter, within 45 days after the date on the Short-From Notice, providing the Settlement Class

Member's name, address, telephone number, and reason(s) for the objection, pursuant to paragraph 7(b) of the Settlement Agreement.

16. Any Class Member who does not make an objection in the time and manner provided, shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated into the Settlement Agreement, the payment of attorneys' fees and costs, or the Final Approval Order and Judgment.

17. Any attorney hired by a Class Member, at the Class Member's expense, for the purpose of objecting to the Settlement Agreement, attorney's fees and expenses, or the Incentive Award shall file with the Clerk of Court, and provide to counsel for the proposed Class and Defendant, a notice of appearance.

18. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission of any violation of any statute, law, rule, or regulation, of any liability or wrongdoing by Defendant or the truth of any of the claims, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Class Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement Agreement.

19. Not later than twenty-one days prior to the Fairness Hearing, the Claims Administrator shall serve on Class Counsel and Defendant's counsel (to be electronically filed by Class Counsel), an affidavit stating that the Class Notices have been issued in accordance with the Settlement Agreement and Preliminary Approval Order.

20. The Court may waive any of the time limits set forth herein for good cause shown.

21. The Final Approval Hearing or "Fairness Hearing" shall be held on October 30, 2014, at 12:30 am/(pm) at the United States District Court for the District of New Jersey, in the Courtroom of the Honorable Tonianne J. Bongiovanni, U.S.M.J., Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Courtroom 6E, Trenton, New Jersey 07101, to consider whether the Class meets the requirements for final certification under Federal Rules of Civil Procedure 23(a), (b)(3), (c)(2) and the United States Constitution, to evaluate the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court pursuant to Federal Rule of Civil Procedure 23(e), and any incentive award to the Class Representative should be approved.

22. All Class Members are preliminarily enjoined, pending final certification and approval of the proposed settlement, from: (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction, against the Defendant, based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action; and (b) attempting to effect the opt-out of any Class Members.

23. Either jointly or separately, Class Counsel and Defendant's counsel may file a brief in support of the Settlement Agreement prior to the Fairness Hearing. Any submission must be filed no later than seven (7) days prior to the Fairness Hearing.

SO ORDERED.

_____
Hon. Tonianne J. Bongiovanni, U.S.M.J.

(DE #108 is TERMINATED)