UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JAN 2 6 2015
AT 8:30_____M
WILLIAM T WALSH CLERK

**BAIS YAAKOV OF SPRING VALLEY,** on behalf of itself and all others similarly situated,

Plaintiff,

-vs.-

**PETERSON'S NELNET, LLC,**

Defendant.

Case No. 3:11 CV 11 (TJB)

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THIS MATTER having been brought before the Court jointly by Plaintiff, Bais Yaakov of Spring Valley through Bellin & Associates LLC (Aytan Y. Bellin, Esq. appearing) and by Defendant, Peterson's Nelnet, LLC through Gibbons, P.C. (Michael R. McDonald, Esq. and Justin T. Quinn, Esq. appearing), by a motion for a Final Order and Judgment, pursuant to Federal Rule of Civil Procedure 23(e), seeking final approval of a class action settlement, and entry of final judgment dismissing the Complaint in this Action with prejudice (the "Motion"); and the Court having reviewed the submissions on this motion, all properly and timely filed objections to the proposed class action settlement, if any, and the parties' responses to such objections, if any, and having held a Fairness Hearing, pursuant to Federal Rule of Civil Procedure 23(e)(2) on January 26, 2015 (the "Fairness

1

Hearing"), and having found that the parties are entitled to the relief they seek; and for good cause shown;

IT IS on this 26 day of January

ORDERED that the Motion is **GRANTED**, subject to the following terms and conditions (all capitalized terms being defined in the Settlement Agreement unless otherwise specified or defined herein):

1. With respect to the Settlement Class, the Court finds and concludes that: (a) the Settlement Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiff's claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) Plaintiff and their counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to

2

be encountered in the management of a class action. The Court therefore determines that this action satisfies the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a), and may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), with Plaintiff representing the following Settlement Class, which the Court hereby certifies for purposes of settlement only: All persons or entities, who did not validly and timely opt out, and who, from January 3, 2007 through January 3, 2011, were sent or caused to be sent one or more facsimile advertisements by Peterson's Nelnet, LLC, its employees, agents, vendors or contractors.

2.   Class Notice has been provided in accordance with the Preliminary Approval Order. Such Class Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process. The Notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, and to appear at the Fairness Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that the Settlement Class is bound by this Order and by the final judgment to be entered pursuant thereto.

3. The Settlement Agreement, ECF No. 116-4, was arrived at through extensive arm's length negotiations conducted in good faith by counsel for the parties, and is supported by the majority of the Settlement Class.

4. To date, 5 purported members of the Settlement Class have opted out of the Settlement.

5. This litigation presents difficult and complex issues as to liability and damages, as to which there are substantial grounds for difference of opinion.

6. The Settlement is fair, reasonable and adequate in light of the complexity, expense and duration of the litigation, and the risks inherent and involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

7. The promises and commitments of the parties under the terms of the Settlement Agreement constitute fair value given in exchange for the extinguishment of the Released Claims of the Settlement Class.

8. The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

9. It is in the best interests of the parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any

person is a Settlement Class Member) and any of the Released Parties, which in any way relates to the applicability or scope of the Settlement Agreement or this Order, should be presented exclusively to this Court for resolution.

**IT IS THEREFORE FURTHER ORDERED AS FOLLOWS:**

A.  The parties' request for final approval of the Class Action Settlement is **GRANTED.**

B.  The Settlement Agreement submitted by the parties is finally approved as fair, reasonable, adequate, just, and in the best interests of the Class, and the parties are hereby directed to consummate the Settlement Agreement in accordance with its terms.

C.  The proposed method for providing relief to Settlement Class Members, is finally approved as fair, reasonable, adequate, just, and in the best interests of the Class.

D.  The Court hereby awards Class Counsel Bellin & Associates LLC a total of $ _866,789.77_, as the firm's reasonable attorney's fees and costs.

F.  The Court hereby awards Class Representative Bais Yaakov of Spring Valley $500 in damages for the Fax Advertisement Defendant sent to Plaintiff and ($5,000) and as an incentive award for their participation in the Actions.

G. · Ninety (90) days after the Final Approval Date if no appeal has been sought, or, if an appeal has been sought, within sixty (60) days after the successful

resolution of such appeal, payments to Claimants shall be distributed by First-Class mail and the Releases contained in the Settlement Agreement shall take effect. The Releases are as follows:

(a) In consideration for the payments described in the Settlement Agreement, and other good and valid consideration, Plaintiff, those Settlement Class Members who have not opted out of the Class and who do not opt out of the Settlement Class (whether or not such Settlement Class Members submit claims), and their attorneys, agents, employees, officers, directors and shareholders (the "Plaintiff Releasors") forever release Defendant and its former, present, and future attorneys, agents, employees, officers, directors, shareholders, affiliates, subsidiaries, divisions, parent companies, predecessors in interest, insurers, insurer's counsel, successors and assigns, and all persons, natural or corporate, in privity with any one or more of them (the "Released Defendant Parties") of and from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, causes of action, contracts, agreements, extra contractual claims, damages, punitive damages, statutory damages, expenses, acts, costs, attorneys' fees and/or obligations of any kind which are or could be based on, arise from or relate in any way to Defendant's alleged sending or transmission of fax advertisements to Plaintiff and/or to the Plaintiff Releasors from January 3, 2007 through January 3, 2011, including but

not limited to the sending of faxes without consent or permission, and/or the sending, transmission of faxes with an opt-out notice that is not compliant with the requirements of the TCPA or FCC regulations or other state or federal law or regulations, and/or the sending of faxes that fail to comply with any other requirements of state, federal or local law, whether or not said faxes are identical to, similar to, or different from the faxes attached as an exhibit to the Plaintiff's Complaint, and whether or not based on the TCPA or other statutory or common law theory (collectively, the "Released Claims"); and

(b) In consideration for the Plaintiff Releasors' release, dismissal of this case with prejudice, and other good and valid consideration, Defendant and its attorneys, agents, employees, officers, directors and shareholders (the "Defendant Releasors") will forever release Plaintiff and its attorneys, agents, employees, officers, directors, shareholders, affiliates, subsidiaries, divisions, parent companies, predecessors in interest, insurers, insurer's counsel, successors and assigns, and all persons, natural or corporate, in privity with any one or more of them (the "Released Plaintiff Parties") of and from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, causes of action, damages, punitive damages, statutory damages, expenses, acts, costs, and/or attorneys' fees of any kind which arise from Defendant's alleged sending or transmission of fax

advertisements to Plaintiff and/or to the Plaintiff Releasors from January 3, 2007 through January 3, 2011, including but not limited to the sending of faxes without consent or permission, and/or the sending or transmission of faxes with an opt-out notice that is not compliant with the requirements of the TCPA or FCC regulations or other state or federal law or regulations, and/or the sending of faxes that fail to comply with any other requirements of state, federal or local law, whether or not said faxes are identical to, similar to, or different from the faxes attached as an exhibit to the Plaintiff's Complaint, and whether or not based on the TCPA or other statutory or common law theory (collectively, the "Released Claims"). To be clear, this is not a general release of all claims against Plaintiff Releasees. Specifically, this release does not include any claims for breach of contract, non-payment, or other claims which arise from any services provided by Peterson's to Plaintiff Releasors. This release may not be raised as a defense in any collection action, action to enforce a note or other financing agreements, action to enforce or execute a judgment, any garnishment action or any action to enforce a lien.

H.   Subject to the terms hereof, the complaint in this Action is hereby dismissed with prejudice.

I.   Without affecting the finality of the judgment entered pursuant to this Order, this Court retains continuing jurisdiction of the Settlement, including the administration, consummation, and enforcement of the Settlement Agreement. In

addition, without affecting the finality of the judgment entered pursuant to this Order, this Court retains jurisdiction over Defendant and each member of the Settlement Class, who are deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order.

J. The Court finds that there is no reason for delay and directs the Clerk to enter judgment in accordance with the terms of this Order.

DATE: January 26, 2015　ENTERED: _____
Honorable Tonianne J. Bongiovanni
United States Magistrate Judge